**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| CHARLES MARSHALL,<br><br>Plaintiff,<br><br>v.<br><br>SILVER STATE DISPOSAL SERVICE, INC. d/b/a/ REPUBLIC SERVICES of SOUTHERN NEVADA,<br><br>Defendant. | Case No. 2:15-cv-00953-APG-PAL<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS AND GRANTING LEAVE TO FILE AMENDED COMPLAINT**<br><br>[Dkt. #9] |

After his alleged unlawful termination in September 2014, former sanitation worker Charles Marshall sued his former employer, Republic Services of Southern Nevada, asserting claims for age discrimination under the Age Discrimination in Employment Act ("ADEA"), disability discrimination under the Americans with Disabilities Act ("ADA"), violation of the duty of fair representation under the National Labor Relations Act ("NLRA"), and breach of federal drug-testing regulations.[1] Based on Republic's motion,[2] I dismiss all of Marshall's claims except his ADEA age-discrimination claim based on disparate treatment and give him until April 21, 2016, to file an amended complaint if he wishes to do so.

### Background[3]

Marshall worked at Republic as a garbage helper from 1993 until his September 2014 termination.[4] On August 26, 2014, Republic selected Marshall for a random drug and alcohol test.[5] He reported to the internal testing facility but he was not able to provide a urine sample

---

[1] *See* ECF 1.

[2] ECF 9.

[3] These facts are taken from Marshall's complaint and accepted as true for purposes of this motion. This section is not intended as findings of fact.

[4] ECF 1 at ¶¶ 13, 15.

[5] *Id.* at ¶ 36.

"due to his extreme nervousness owing to his diabetic (sic), high blood pressure and sleeplessness."[6] Marshall does not allege that he told anyone at Republic or the testing facility about these issues. He was later transported to an outside drug-testing facility where he tested negative, but, according to Marshall, the evaluating doctor canceled his results "for incomprehensible reasons and owing to some pressure from Republic."[7]

Marshall alleges that he suffers "from disability because of shoulder and knee surgery occurred due to continuous lifting, bending, moving, and jerking his vertebral column, along with bad knees in performing his job of high mobility and lifting weights."[8] He also alleges that he suffers from various other conditions including "high blood pressure, sleeplessness, diabetes, and other affects from shoulder, wrist surgeries and continuous problems with his ankles."[9]

Marshall claims that he was fired because of his age and disabilities.[10] He asserts five claims for relief: (1) age discrimination in violation of the ADEA, (2) violation of the duty of fair representation, (3) violation of the Republic handbook agreement between Teamsters Union and Local 631, (4) violation of the ADA, and (5) violation of 49 C.F.R. § 40 and § 382.107. Republic moves to dismiss all of Marshall's claims under Federal Rule of Civil Procedure 12(b)(6).

### Discussion

**A. Standards for a motion to dismiss**

Federal Rule of Civil Procedure 8 requires every complaint to contain "[a] short and plain statement of the claim showing that the pleader is entitled to relief."[11] Though Rule 8 does not require detailed factual allegations, the properly pleaded claim must contain enough facts to "state

---

[6] *Id.* ¶ 39.

[7] *Id.* at ¶¶ 51–53.

[8] *Id.* at ¶ 35.

[9] *Id.* at ¶ 44.

[10] *Id.* at ¶ 65.

[11] FED. R. CIV. P. 8(a)(2); *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).

a claim to relief that is plausible on its face."[12] This "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"; the facts alleged must raise the claim "above the speculative level."[13] In other words, a complaint must make direct or inferential allegations about "all the material elements necessary to sustain recovery under *some* viable legal theory."[14]

District courts employ a two-step approach when evaluating a complaint's sufficiency on a Rule 12(b)(6) motion to dismiss. First, the court must accept as true all well-pleaded factual allegations in the complaint, recognizing that legal conclusions are not entitled to the assumption of truth.[15] Mere recitals of a claim's elements, supported only by conclusory statements, are insufficient.[16] Second, the court must consider whether the well-pleaded factual allegations state a plausible claim for relief.[17] A claim is facially plausible when the complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct.[18] A complaint that does not permit the court to infer more than the mere possibility of misconduct has "alleged—but not shown—that the pleader is entitled to relief," and it must be dismissed.[19]

**B. Marshall states a plausible age-discrimination claim based on disparate treatment, but not under a disparate-impact theory.**

Republic first argues that Marshall's ADEA claim must be dismissed because he does not sufficiently plead exhaustion of his administrative remedies.[20] Republic next argues that, even if

---

[12] *Twombly*, 550 U.S. at 570.

[13] *Iqbal*, 556 U.S. at 678.

[14] *Twombly*, 550 U.S. at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1989)) (emphasis in original).

[15] *Iqbal*, 556 U.S. at 678–79.

[16] *Id*.

[17] *Id.*

[18] *Id.*

[19] *Twombly*, 550 U.S. at 570.

[20] ECF 9 at 10.

Marshall has exhausted his administrative remedies, he fails to state a claim under either a disparate-impact or disparate-treatment theory.[21]

For a district court to have jurisdiction over an ADEA claim, the plaintiff must have exhausted all available administrative remedies by timely filing a charge with the EEOC.[22] Marshall alleges that "[a]ll conditions precedent to the institution of this lawsuit has (sic) been fulfilled including filing with EEOC"[23] and that he "has exhausted his administrative remedies under the ADEA."[24]  The complaint does not indicate when he filed a charge with the EEOC or what claims or allegations he brought before the EEOC.  But Marshall attaches to his response his charge of discrimination with the Nevada Equal Rights Commission ("NERC") dated December 2, 2014, in which he alleges that Republic discriminated against him because of his age and disability when it fired him in September 2014 after the drug-test incident.[25]  I therefore decline to dismiss Marshall's ADEA claim for failure to exhaust administrative remedies.  I next consider if he states a plausible claim.

A disparate-impact claim challenges "employment practices that are facially neutral in their treatment of different groups but that in fact fall more harshly on one group than another and cannot be justified by business necessity."[26]  Marshall alleges that Republic's drug-testing policy is a facially neutral policy that has a "disparate impact" on employees over 40.[27]  Marshall does

---

[21] ECF 9 at 10–11.

[22] *B.K.B. Maui Police Dep't*, 276 F.3d 1091, 1099 (9th Cir. 2002).

[23] ECF 1 at ¶ 4.

[24] *Id.* at ¶ 68.

[25] ECF 10-1 at 9–10.  A charge filed with the NERC is constructively filed with the EEOC. An ADEA plaintiff can satisfy the exhaustion requirement by filing a charge of discrimination with the EEOC or the equivalent state agency and waiting 60 days. *Sanchez v. Pac. Power Co.*, 147 F.3d 1097, 1099 (9th Cir. 1998).  The NERC sent Marshall's charge to the EEOC, which assigned it an EEOC case number on December 8, 2014. ECF 10-1 at 15.  The EEOC later closed the charge and send Marshall a dismissal and notice of rights. ECF 10-1 at 22.

[26] *Pottenger v. Potlach Corp.*, 329 F.3d 740, 749 (9th Cir. 2003) (internal quotations omitted).

[27] ECF 1 at ¶ 43.

not clarify what specific part of the drug-testing policy has a disparate impact. For instance, it is unclear whether he challenges Republic's random drug-testing policy in general or Republic's "shy bladder" practice.[28] Marshall also does not allege any facts to show that Republic's drug-testing policy has a disparate impact on persons over 40 because he does not allege that any other employee over 40 was terminated for failing to provide a urine sample on demand. Marshall's conclusory allegations fail to state a claim for age discrimination based on disparate impact and I therefore dismiss his ADEA claim to the extent it is based on a disparate-impact theory.

To make a prima facie case of age discrimination based on disparate treatment, Marshall must allege that he was (1) 40 or older, (2) performing his job satisfactorily, (3) discharged, and (4) replaced by a substantially younger employee with equal or inferior qualifications or some other circumstances leading to an inference of age discrimination.[29]

Marshall pleads a plausible ADEA claim based on disparate treatment. He alleges that he is "over fifty-six years of age,"[30] and it can plausibly be inferred from Marshall's complaint that he was performing his job satisfactorily because he alleges that he received positive job-performance reviews throughout his 21-year career at Republic.[31] Marshall sufficiently alleges that he suffered an adverse employment action when he was fired in September 2014.[32] Finally, it is plausible that Marshall's replacement had equal or lesser qualifications than Marshall given

---

[28] Further muddying the waters, in other parts of the complaint, Marshall also appears to allege that Republic's termination policies have a disparate impact. *Id.* at ¶ 85.

[29] *Reeves v. Sanderson Plumbing Prods. Inc.*, 530 U.S. 133, 142 (1990), *superseded by statute on other grounds as stated in Hong Yin v. N. Shore LIJ Health Sys.*, 20 F. Supp. 3d 359, 371 (E.D.N.Y 2014).

[30] ECF 1 at ¶ 13.

[31] *Id.* at ¶ 28.

[32] Marshall also appears to allege adverse employment actions based on a supervisor calling him "too slow" in reference to his age, ECF 1 at ¶ 30, and based on another supervisor's failure to give him Gatorade. *Id.* at ¶ 33. These do not constitute adverse employment actions. *See Brooks v. City of San Mateo*, 229 F.3d 917, 927 (9th Cir. 2000) ("Among those employment decisions that can constitute an adverse employment action are termination, dissemination of a negative employment reference, issuance of an undeserved negative performance review and refusal to consider for promotion.").

Marshall's 21-year employment history with Republic.[33] Marshall also alleges that his replacement is substantially younger than him because he alleges that his replacement is outside the protected class, which would make his replacement under age 40 and at least 16 years younger than Marshall.[34] I therefore deny Republic's motion to dismiss Marshall's ADEA claim to the extent it is based on a disparate-treatment theory.

**C. Marshall's fair-representation claim fails as a matter of law.**

Republic argues that Marshall's fair-representation claim fails because the union is the exclusive bargaining representative for its members, so Republic does not owe Marshall any duty of fair representation.[35] Even if Marshall states a fair-representation claim, Republic argues that the claim is time-barred.[36] In response, Marshall rehashes his allegations that the union breached its duty to adequately represent him and argues that there "is no applicable statute of limitation" for fair-representation claims.[37]

Republic is correct that this claim fails because fair-representation claims are not cognizable against employers.[38] Because Marshall did not name the union as a defendant in this lawsuit, he does not state a plausible claim for breach of the duty of fair representation. Accordingly, this claim is dismissed.

/ / / /

/ / / /

/ / / /

---

[33] ECF 1 at ¶ 15.

[34] ECF 1 at ¶¶ 34, 70.

[35] ECF 9 at 6.

[36] *Id.*

[37] *Id.* at 14.

[38] *See Bowen v. U.S. Postal Serv.*, 459 U.S. 212, 240 (1983) (White J., concurring) ("The union owes [a] duty of fair representation to the employees it represents-the duty does not run to the employer . . . ."); *see also Vaca v. Sipes*, 386 U.S. 171, 190 (1967) ("A breach of the statutory duty of fair representation occurs only when a *union's* conduct . . . , is arbitrary, discriminatory, or in bad faith.") (emphasis added).

**D. Marshall does not state a plausible claim for breach of the collective-bargaining agreement.**

In claim three, Marshall appears to allege that Republic breached its collective-bargaining agreement with the union. He references two provisions of the handbook that he apparently believes Republic violated[39] and alleges that Republic's policies "caused disparate impact."[40]

Republic argues that this common-law breach-of-contract claim is preempted by § 301 of the Labor Management Relations Act.[41] And even if Marshall's claim is construed as a § 301 claim, it still fails because it is time-barred and lacks factual support.[42] Leaving most of Republic's arguments unaddressed, Marshall responds that Republic violated the collective-bargaining agreement by failing to follow the agreed-to termination procedures.[43]

First, to the extent Marshall intends to assert a common-law breach-of-contract claim, it fails because § 301 preempts state-law claims that require interpretation of the terms of a collective-bargaining agreement.[44] Second, to the extent Marshall intends to assert a claim under § 301, that also fails. Section 301 allows for suits for violations of collective-bargaining agreements between labor organizations and employers.[45] But a plaintiff cannot proceed on a § 301 claim against his employer without establishing a breach of the duty of fair representation by his union,[46] and, as explained above, Marshall has not sufficiently alleged that the union

---

[39] ECF 1 at ¶¶ 82, 82.

[40] *Id.* at ¶ 85.

[41] ECF 9 at 7.

[42] *Id.*

[43] ECF 10 at 18.

[44] *Allis-Chalmers Corp. v. Lucek*, 471 U.S. 202, 210 (1985).

[45] *Hines v. Anchor Motor Freight, Inc.*, 424 U.S. 554, 562 (1976).

[46] Because Marshall also asserted a fair-representation claim, he may be attempting to assert a "hybrid" claim under § 301. A hybrid § 301 claim is two separate but "inextricably intertwined" claims, one against the employer and one against the union. To prevail, a plaintiff must allege both that the employer violated the collective bargaining agreement and that the union breached its duty of fair representation to him. *DelCostello v. Int'l Brotherhood of Teamsters*, 462 U.S. 151, 164-65 (1983). An employee may elect to sue only the employer and not the union, "but the case he must prove is the same whether he sues one, the other or both." *Id.* at 165.

breached its duty.  Marshall also does not allege any facts to show how Republic violated the collective-bargaining agreement.[47]  I therefore dismiss claim three.

### E. Marshall does not state a plausible claim under the ADA for either disparate treatment or failure to accommodate.

Marshall alleges that Republic's acts "were a violation of [his] rights under the ADA."[48] Marshall claims that Republic failed to provide him reasonable accommodations despite knowing that he needed them "as this was obvious from his reported backbone injuries, and surgeries."[49] Republic argues that this claim must be dismissed because Marshall does not sufficiently plead exhaustion of administrative remedies or discrimination based on disparate treatment or failure to accommodate.[50]  Marshall responds that he has "a demonstrated disability backbone impairment issues and prostate issues," and appears to argue that Republic failed to accommodate these disabilities.[51]

Marshall has shown that he exhausted his administrative remedies under the ADA. Though his complaint is sparse on exhaustion details, he attaches to his response a disability-discrimination charge with the EEOC and his right to sue letter.[52]

To state a plausible claim for discrimination based on disparate treatment under the ADA, Marshall must allege that (1) he suffers from a disability under the ADA, (2) he is otherwise qualified to perform the essential functions of his job with or without reasonable accommodation, and (3) Republic discriminated against him because of his disability.[53]  The ADA also "prohibits an employer from discriminating against a qualified individual with a disability by failing to

---

[47] Section 301 claims are also governed by a six-month statute of limitations.

[48] ECF 1 at ¶ 93.

[49] *Id.* at ¶ 94.

[50] ECF 9 at 11–12.

[51] ECF 10 at 22.

[52] ECF 10-1 at 9—10 (charge of discrimination); ECF 10-1 at 22—24 (notice of dismissal and right to sue).

[53] *Nunes v. Wal-Mart Stores, Inc.*, 164 F.3d 1243, 1249 (9th Cir. 1999).

make 'reasonable accommodations to the known physical or mental limitations' of that individual."[54]

Marshall fails to state an ADA claim under either theory.  Marshall does not allege any facts to show that he suffered disparate treatment because of a disability.  Nowhere in the 16 paragraphs of allegations within this claim does Marshall identify what disability he believes Republic discriminated against him for having or how Republic discriminated against him.  In the body of the complaint, Marshall identifies a laundry-list of ailments including "shoulder and knee surgery," "bad knees," "diabetes," "high blood pressure," "sleeplessness," "wrist surgeries," "problems with his ankles," and "bad backbone frame."[55]  But even assuming that any or all of these qualify as disabilities under the ADA, Marshall does not allege any facts that plausibly link his September 2014 termination, or any other disparate treatment, to these disabilities.

Marshall's accommodations-based claim is likewise factually deficient.  The only disability that Marshall alleges Republic knew about is his back injury.  But he offers no facts indicating when he reported this injury or to whom, and he does not specify what reasonable accommodations he believes he was entitled to for this injury that Republic denied.  I therefore dismiss Marshall's disability-discrimination claim.

**F.  Marshall's 49 C.F.R. § 40 and § 382. 107 claim fails as a matter of law.**

Marshall's fifth and final claim alleges that Republic violated the drug-testing policies set forth in 49 C.F.R. § 40 and § 382.107.  Republic argues that these provisions, which authorize the Secretary of Transportation to prescribe drug-testing programs for commercial vehicle transportation, do not create a private cause of action.[56]  Marshall offers no meaningful response to Republic's argument; he simply maintains that Republic violated these provisions.  Republic is

---

[54] *Willis v. Pac. Maritime Ass'n*, 244 F.3d 675, 680 (9th Cir. 2001) (quoting 42 USC § 12112(b)(5)(A)).

[55] ECF 1 at ¶¶ 35, 39, 44, 45.

[56] ECF 9 at 8.

Page 9 of 10

correct that these provisions do not create a private cause of action,[57] so I dismiss claim five with prejudice.

### G. Leave to amend

Though Marshall does not request leave to cure the deficiencies in his complaint, the Ninth Circuit has repeatedly held that "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts."[58]  Because claim five cannot be cured by amendment, I deny Marshall leave to amend it.  However, Marshall is granted leave to amend claims one, two, three, and four if he can plead facts to cure their deficiencies.  If Marshall chooses to file an amended complaint, he must do so by **April 21, 2016**.  If Marshall fails to file an amended complaint by then, this case will proceed only on claim one for age discrimination based on a disparate-treatment theory.

**Conclusion**

IT IS THEREFORE ORDERED that defendant's motion to dismiss **[ECF 9] is GRANTED in part**.  Claims two, three, and four are dismissed without prejudice, and claim five is dismissed with prejudice.

IT IS FURTHER ORDERED that plaintiff has until **April 21, 2016** to file an amended complaint.  If plaintiff fails to file an amended complaint by this date, this case will proceed on claim one under a disparate-treatment theory only.

DATED this 31st day of March, 2016.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

---

[57] *See Drake v. Delta Airlines, Inc.*, 147 F.3d 169, 171 (2d Cir. 1998); *Abate v. S. Pacific Transp. Co.*, 928 F.2d 167 (5th Cir. 1991).

[58] *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (internal quotation marks and citations omitted).